1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EDWARD S. ROUNDTREE,                 No. CIV S-05-2061-LKK-CMK-P

12          Petitioner,

13      vs.                              FINDINGS AND RECOMMENDATIONS

14   TOM L. CAREY,

15          Respondent.

16   _____/

17          Petitioner is a state prisoner proceeding pro se.  Pending before the court is

18   petitioner's initial pleading in this case (Doc. 1), filed on October 13, 2005.  Initially, the court

19   notes that it is unclear whether the instant case is a petition for a writ of habeas corpus or a civil

20   rights action pursuant to 42 U.S.C. § 1983.[1]  As discussed below, however, it does not matter

21   whether this is a habeas case or a civil rights case because, under either formulation, no

22   cognizable claim for relief has been stated.

23   / / /

24   _____

25       [1]    The Clerk of the Court docketed this case as a habeas petition when it was filed
     and the court's prior orders have presumed this is a habeas case.  For purposes of this order, Mr.
26   Roundtree will be referred to as "petitioner."

1

## I.  BACKGROUND

2          The instant case appears to challenge a rules violation report issued by prison

3 officials.  Specifically, petitioner was charged with possession of controlled substances while in

4 prison.  Petitioner appears to allege that the hearing officer violated his constitutional rights in

5 the course of conducting the hearing on the rules violation report.  Petitioner was found guilty of

6 the rules violation and was assessed, among other things, a loss of good-time credits.  Petitioner

7 appears to seek an order removing the rules violation from his record.

8

9

## II.  DISCUSSION

10        **A.        No Claim for Relief Under § 1983 Stated**

11          When a state prisoner challenges the legality of his custody and the relief he seeks

12 is a determination that he is entitled to an earlier or immediate release, such a challenge is not

13 cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

14 of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

15 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

16 1995) (per curiam).  Similarly, where a § 1983 action seeking monetary damages or declaratory

17 relief alleges constitutional violations which would necessarily imply the invalidity of the

18 prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless

19 the conviction or sentence has first been invalidated on appeal, by habeas petition, or through

20 some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that

21 § 1983 claim not cognizable because allegations of procedural defects and a biased hearing

22 officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey,

23 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were

24 akin to malicious prosecution action which includes as an element a finding that the criminal

25 proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th

26 Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural

1    defects were an attempt to challenge substantive result in parole hearing); see also Neal, 131

2    F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions

3    for parole eligibility and not to any particular parole determination).

4            In particular, where the claim involves loss of good-time credits as a result of an

5    adverse prison disciplinary finding, the claim is not cognizable.  See Blueford v. Prunty, 108

6    F.3d 251, 255 (9th Cir. 1997).  Thus, to the extent petitioner in this case challenges an adverse

7    prison disciplinary finding which resulted in the loss of good-time credits, the claim is not

8    cognizable under § 1983.  Petitioner's sole federal remedy is through a petition for a writ of

9    habeas corpus.

10           **B.        No Claim for Federal Habeas Relief Stated**

11           To the extent the instant action is a habeas petition, the claims are unexhausted.

12   Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a

13   habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it

14   that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that

15   petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state

16   remedies is a jurisdictional prerequisite to a federal court's consideration of claims sought to be

17   presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C.

18   § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing the highest state

19   court with a full and fair opportunity to consider all claims before presenting them to the federal

20   court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086

21   (9th Cir. 1986).

22            As discussed above, petitioner's sole federal remedy is a petition for a writ of

23   habeas corpus.  However, petitioner has not presented his claim to the state courts.  Therefore,

24   this court lacks jurisdiction at this time.  Petitioner must first seek to have the rules violation

25   determination invalidated via state habeas proceedings before returning to the federal court.

26   / / /

**III.  CONCLUSION**

1

2          Based on the foregoing, the undersigned recommends that this action be

3   dismissed without prejudice.

4          These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8   Findings and Recommendations."  Failure to file objections within the specified time may waive

9   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11  DATED:   December 5, 2005.

12

13                                           _____
                                             **CRAIG M. KELLISON**
14                                           UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26